UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>ANTHONY PELAYO,<br><br>Defendant. | CASE NO. CR18-217RSM<br><br>ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER |

This matter comes before the Court on the Motion for Review of Detention Order filed by Defendant Anthony Pelayo. Dkt. #359. The Court has determined that oral argument is unnecessary. Mr. Pelayo moves for reconsideration of Magistrate Judge Tsuchida's June 26, 2019, Order that he be detained pending trial, Dkt #151. Mr. Pelayo's reasons for bringing this Motion now, after being detained for a year, are 1) that the COVID-19 pandemic is a significant change in circumstances imposing an unreasonable risk of harm from contagious disease while he is held in detention, and 2) the conditions of confinement where he is detained—imposed to prevent the spread of the disease—pose an unreasonable risk of future harm and deprive him of effective assistance of counsel. Dkt. #359 at 6–9. Mr. Pelayo is currently being detained at the Federal Detention Center ("FDC") in SeaTac, Washington. Mr. Pelayo does not cite to any

ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER – 1

personal medical issues or COVID-19 risk factors. He does not articulate any issue with his detention at FDC that could not be said to apply to every other detainee.

An appeal of a magistrate's detention order is governed by 18 U.S.C. § 3145(b), which provides that "If a person is ordered detained by a magistrate judge… the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The District Court Judge with original jurisdiction then reviews de novo the Magistrate Judge's detention order. *See United States v. Koenig*, 912 F.2d 1990, 1192 (9th Cir. 1990). In ruling on a motion for pretrial detention, the Court must answer the same questions as the Magistrate Judge; whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community. 18 U.S.C. § 3142(f). The United States typically bears the burden of showing that defendant poses a danger to the community by clear and convincing evidence, and it bears the burden of showing that a defendant poses a flight risk by a preponderance of the evidence. *United States v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991). However, the Bail Reform Act expressly provides that:

> [s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . or an offense under section 924(c) . . . of title 18 of the United States Code . . .

18 U.S.C. § 3142(e).

The Government has accurately recounted the charges facing Defendant Pelayo and the procedural history of this case, Dkt. #361 at 2–6, and the Court finds it unnecessary to restate all

ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER – 2

of this background information as it is well known to the parties. Defendant is alleged to have been involved in the distribution of over 400 grams of fentanyl pills, as well as the distribution of furanyl fentanyl pills. Dkt. #279 at 1-2. These carry a mandatory minimum penalty of ten years in prison. Defendant is also facing a five-year mandatory minimum consecutive sentence. The Government notes that Defendant is "an apparently healthy 33-year old." Dkt. #361 at 9.

As an initial matter, the Court finds that generalized concerns over the current COVID-19 pandemic alone are not a valid basis to reopen the issue of detention. A detention order may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Defendant's basis to reopen detention relies on speculation as to the risk he faces of contracting the disease at the FDC, where the new coronavirus has not been detected, without any analysis of his personal risk factors. The Court finds that Defendants' information is too speculative and generalized to have a material bearing.

There is a presumption of detention in this case because Defendant is facing a ten-year mandatory minimum term of imprisonment. Even if Defendant's new COVID-19 information was not speculative, the Court finds that Defendant's age and lack of any underlying medical conditions would not make him particularly vulnerable or otherwise part of a high-risk group. This is a significant point. Although the parties can debate whether or not the new coronavirus is or will be spreading at the FDC, the Court is not convinced that this constitutes a significant enough risk to this Defendant's health to warrant release given the initial bases for Judge Tsuchida to order detention. *See* Dkt. #151.

ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER – 3

The parties debate the effectiveness of various procedures at the FDC to combat the spread of COVID-19. The Court agrees with the Government that "nothing in Pelayo's motion, or in the FDC's current response to COVID-19, supports the conclusion FDC officials have been deliberately indifferent to the risks posed by COVID-19." Dkt. #361 at 8.

Defendant argues that he is being deprived of his Sixth Amendment right to counsel given the limitations on attorney visits at the FDC. Dkt. #359 at 9. Defendant is still able to communicate with counsel via telephone, although his access has apparently been delayed or disrupted due to the FDC's efforts at social distancing. The Court finds that, under the circumstances, this is sufficient to provide Defendant with access to counsel. Future issues with Mr. Pelayo's ability to review discovery materials can be addressed in a separate order if necessary and do not alone warrant release.

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that the Motion for Review of Detention Order filed by Defendant Anthony Pelayo, Dkt. #359, is DENIED.

DATED this 26th day of June, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER – 4