UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>ANTHONY PELAYO,<br><br>Defendant. | CASE NO. CR18-217RSM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on the Motion for Reconsideration filed by Defendant Anthony Pelayo. Dkt. #385. Mr. Pelayo moves for reconsideration of the Court's Order denying his Motion for Review of Detention Order, Dkt. #381. Mr. Pelayo argues the Court incorrectly analyzed his Eighth Amendment claim and that, since filing his Motion, "a second wave of COVID-19 infections has spread across the nation" and "throughout the BOP." Dkt. #385 at 2–3. He presents no new facts about infections at the FDC where he is detained. He asserts that he need not prove "deliberate indifference" to his health to justify release from pretrial confinement. *Id*. at 3. The Government's "affirmative duty to provide conditions of reasonable health and safety to the people it holds in its custody" is highlighted as being more determinative than "some statutory enactment prescribing the rules for bringing a lawsuit for damages." *Id*.

Motions for reconsideration are disfavored. CrR 12(b)(13). The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing

ORDER DENYING MOTION FOR RECONSIDERATION – 1

of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. *Id.* No response to a motion for reconsideration shall be filed unless requested by the court. *Id.*

A detention order may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

The Court has determined that a response is unnecessary. Mr. Pelayo fails to demonstrate manifest error in the Court's prior Order and his only citation to new facts is a general statement that a second wave of COVID-19 infections has spread across the nation and throughout the BOP. The Court continues to find that Mr. Pelayo fails to put forth any information that has a material bearing on the issues found in §3142(f). There is a presumption of detention in this case, and the Court continues to find that generalized concerns about the future spread of COVID-19 in the FDC do not create a sufficient change in circumstances or outweigh the initial bases for Judge Tsuchida to order detention in this case, especially when Defendant cites to nothing in his medical record to place him at heightened risk for complications due to COVID-19.

Mr. Pelayo's reiterates his concerns with accessing his counsel, which the Court takes seriously, however his reiterated concerns do not demonstrate manifest error or constitute new facts warranting a different ruling.

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that the Motion for Reconsideration by Defendant Anthony Pelayo, Dkt. #385, is DENIED.

ORDER DENYING MOTION FOR RECONSIDERATION – 2

DATED this 6th day of July, 2020.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION – 3