UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>ANTHONY PELAYO,<br><br>　　　　　Defendant. | CASE NO. CR18-217RSM<br><br>ORDER DENYING THIRD MOTION FOR RECONSIDERATION |

This matter comes before the Court on the Third Motion for Reconsideration filed by Defendant Anthony Pelayo. Dkt. #607. The Government has filed a Response. Dkt. #615. Mr. Pelayo moves again for reconsideration of the Court's Order denying his Motion for Review of Detention Order, Dkt. #381. In that Order, the Court stated:

> There is a presumption of detention in this case because Defendant is facing a ten-year mandatory minimum term of imprisonment. Even if Defendants' new COVID-19 information was not speculative, the Court finds that Defendant's age and lack of any underlying medical conditions would not make him particularly vulnerable or otherwise part of a high-risk group. This is a significant point. Although the parties can debate whether or not the new coronavirus is or will be spreading at the FDC, the Court is not convinced that this constitutes a significant enough risk to this Defendant's health to warrant release given the initial bases for Judge Tsuchida to order detention. See Dkt. #151.

Dkt. #381 at 3.

ORDER DENYING THIRD MOTION FOR RECONSIDERATION – 1

Motions for reconsideration are disfavored. CrR 12(b)(13). The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. *Id.*

Mr. Pelayo points to new facts in his Motion rather than error in the prior ruling. These new facts are raised in briefing without citation to any declarations or exhibits. Mr. Pelayo states that there has been an outbreak of COVID-19 at the detention center where he is housed and that inmates are locked down in their cells for most of the day. Dkt. #607 at 2. Mr. Pelayo's briefing states that "the institution no longer is able to maintain quarantine units and now is housing COVID positive inmates within the same units as uninfected inmates." *Id.* at 2 – 3. This bold claim is not only unsupported by citation, but has no source in the briefing, *i.e.* the briefing does not say "Mr. Pelayo has observed" or "according to…" Mr. Pelayo reiterates his complaints about access to counsel given the lockdown conditions at the FDC. *Id.* at 3. He states that he may only view certain "protected" discovery "on DVDs that are kept at the FDC law library, a place he is not allowed to visit." *Id*. at 3. He admits he can still schedule video visits with his counsel but argues that these are inadequate. *Id.*

The Government responds that the above assertions "are not accurate." Dkt. #615 at 2. The Government says Mr. Pelayo's housing unit is "not currently on lockdown" and that "COVID-positive inmates are not kept in the same units as uninfected inmates." *Id.* at 3. The source of this information is FDC's legal counsel and the BOP website. *Id*. The Government states that "FDC SeaTac legal counsel has confirmed that inmates with 'protected discovery,' such as Pelayo, have access to the law library." *Id.* No declarations or exhibits are attached.

ORDER DENYING THIRD MOTION FOR RECONSIDERATION – 2

The Court has not been presented with new "facts" but rather second-hand reports and policy statements. In a typical case the Court would be more interested in the facts on the ground than on what a BOP facility is supposed to be doing. However, given the standard for a motion for reconsideration, the Court's prior rulings in this case, and the burden on Defendant, the Court concludes that there is no evidence here or reason to change the Court's analysis above. The Court continues to find "that Defendant's age and lack of any underlying medical conditions would not make him particularly vulnerable or otherwise part of a high-risk group," and "the Court is [still] not convinced that this constitutes a significant enough risk to this Defendant's health to warrant release given the initial bases for Judge Tsuchida to order detention."

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that the Third Motion for Reconsideration by Defendant Anthony Pelayo, Dkt. #607, is DENIED.

DATED this 20th day of October, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE