UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>BRADLEY WOOLARD,<br><br>Defendant. | CASE NO. CR18-217RSM<br><br>ORDER DENYING PELAYO MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION |

This matter comes before the Court on Defendant Pelayo's Motion to Dismiss for Violation of Right to Speedy Trial. Dkt. #559. Oral argument was not requested in the initial Motion and the Court has determined it is unnecessary.

On June 12, 2019, Mr. Pelayo was charged in a superseding indictment with conspiracy, drug trafficking, firearm offenses, and money laundering. Dkt. #81. On June 21, 2019, Mr. Pelayo entered pleas of not guilty to all counts, and trial was set for August 19, 2019. Dkt. #143. On June 25, 2019, Mr. Pelayo was ordered detained pending trial. Dkt. #149.

On July 9, 2019, the parties filed a joint motion requesting the trial be continued until January 27, 2020, given the increased complexity of the case and ballooning discovery. Dkt. #155. Associated with that request, Mr. Pelayo filed a Speedy Trial waiver through February 28, 2020. Dkt. #163.

ORDER DENYING MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION – 1

The Court granted the continuance and set trial for January 27, 2020, finding that the time from the filing of the joint motion to the new trial date was excludable under the Speedy Trial Act. Dkt. #162.

On October 22, 2019, a Second Superseding Indictment was returned adding additional counts and four new co-defendants, three of whom were named in the conspiracy charge, as well as some substantive offenses. Dkt. #171. By motion filed on November 13, 2019, the Government then sought to align the trial date for all defendants to the January 27, 2020, date set for Mr. Pelayo's trial. Dkt. #242. A status conference took place on November 21, 2019. Dkts. #255 and #353. Counsel for Mr. Pelayo objected to continuing trial. Dkt. #353 at 11. The Court considered the time it would take new defendants and new counsel to get up to speed on reviewing discovery and set trial for June 8, 2020, finding that the time from the filing date of the motion to continue until the new trial date was excludable from the statutory speedy trial clock under the ends of justice, as set forth therein. Dkt. #353 at 11; Dkt. #256.

A third superseding indictment was returned on January 14, 2020. Dkt. #279. This new indictment did not alter the trial date.

As the parties are well aware, the coronavirus disease 2019 (COVID-19) pandemic arrived in this District in February and March of 2020. On March 6, 2020, the Court entered General Order 01-20 continuing all in-court appearances until further notice. That order cited directives from the Seattle and King County Health Department and concluded that there was a a reduced ability to obtain an adequate spectrum of the jurors. Thereafter, General Order 02-20, entered on March 17, 2020, continued all trials scheduled to occur before June 1, 2020. Included in this order was a finding that the delays resulting from the General Order were excludable under 18 U.S.C. § 3161(h)(7)(A).

ORDER DENYING MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION – 2

A telephonic status conference was held in this case on April 17, 2020. Dkt. #349. Counsel for Mr. Pelayo objected to any continuance while requesting the earliest possible date. Dkt. #354 at 10–11. Counsel stated, "[w]e appreciate all of the dynamics in play here and understand that -- in large part, if not totally -- things are out of our control." *Id*. at 10. The Court then set a trial date of September 8, 2020. *Id.* at 14.

A fourth superseding indictment was returned on July 29, 2020. The return of this superseding indictment did not change the trial date. Another telephonic status hearing took place on August 21, 2020. Dkt. #550. Given the ongoing pandemic and general orders prohibiting jury trials, the Court struck the September 8, 2020, trial date. *Id.* Instead of immediately setting a new trial date, the Court set a status hearing for October 8, 2020.[1] *Id.*

The instant Motion was filed six days later, on August 27, 2020. Dkt. #559. Mr. Pelayo moves to dismiss the case against him for violation of speedy trial rights under the Sixth Amendment. *Id*. at 1.

In determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, courts generally consider four factors: (1) the length of the delay; (2) the reason for the delay; (3) whether, when, and how the defendant asserted his right to a speedy trial; and (4) whether the defendant was prejudiced by the delay. *Doggett v. United States*, 505 U.S. 647, 651 (1992) (citing *Barker v. Wingo*, 407 U.S. 514 (1972)). This list is not exclusive and none of the factors is controlling. *Barker*, 407 U.S. at 533. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. *Id*. When considering

---

[1] At the October 8, 2020, status hearing, trial was set for June 21, 2021, for reasons stated on the record. Dkt. #609. The Court later entered a written order finding that, given the pandemic, the ends of justice served by continuing the trial outweighed the best interest of the public and the defendants to a speedy trial. Dkt. #611 at 2 (citing 18 U.S.C. § 3161(h)(7)(A)). The Court specifically found, "[t]he nature and complexity of this particular case, which, at present, involves five defendants, seven defense counsel, and three Assistant United States Attorneys, would involve a trial of several weeks, and would require several dozen individuals gathered together in the trial courtroom." *Id.* The period of time from June 8, 2020, to June 21, 2021 was excluded under 18 U.S.C. § 3161. *Id.*

ORDER DENYING MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION – 3

the prejudice factor, the Court looks to: (1) preventing oppressive pretrial incarceration; (2) minimizing anxiety and concern; and (3) limiting the possibility that delay will impair the defense. *Id.* at 532. "Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id*.

The Court has considered these factors and finds that Mr. Pelayo's Sixth Amendment right to a speedy trial has not been violated. It is true that the length of delay in this case has been long for this Defendant—roughly 17 months, with trial set two years after indictment. This alone is not dispositive. The Court must conduct a careful examination of the reasons for this delay. Much of the delay was due to increasing complexity as additional charges and co-defendants were added, which created discovery issues. Such delays are not typically weighed against the Government. *See, e.g., United States v. Alexander*, 817 F.3d 1178, 1182-83 (9th Cir. 2016). Mr. Pelayo agreed that a continuance was needed to give adequate time to process discovery, waiving speedy trial through February 28, 2020. Dkt. #163. The trial was extended once over his objection one month prior to the arrival of the COVID-19 pandemic, but the Court found this necessary given the addition of charges and co-defendants. In any event, the arrival of the COVID-19 pandemic would have made any jury trial impossible from March to the present day, for the reasons stated above and in the Court's General Orders on the subject. For example, General Order No. 11-20, dated July 30, 2020, and effective at the time this Motion was filed, stated "[t]he Court continues to find that, due to the current inability to obtain an adequate spectrum of jurors and the effect of the above public health situation on the availability of witnesses, counsel, and Court staff to be present in the courtroom, the time period of the continuances implemented by this General Order will be excluded under the Speedy Trial Act, as the Court finds that the ends of justice served by ordering the continuances outweigh the best

ORDER DENYING MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION – 4

interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. §3161(h)(7)(A)."

Looking at the remaining Sixth Amendment factors, a review of the record demonstrates that Mr. Pelayo's assertion of his speedy trial rights only slightly cuts in his favor. Finally, the prejudice to Mr. Pelayo as a result of this delay is inconclusive. Mr. Pelayo focuses on harm he has encountered by being detained during this pandemic and difficulties communicating with counsel. Dkt. #559 at 8. However, it is not the delay but the pandemic that is causing these harms. Mr. Pelayo has failed to demonstrate that *delay* is impairing his defense by pointing to, *e.g.*, dimming memories or loss of exculpatory evidence. Considering all of the above, Mr. Pelayo's Sixth Amendment right to a speedy trial has not been violated and dismissal is not the appropriate remedy.

Mr. Pelayo also argues that he has been denied effective assistance to counsel at the Federal Detention Center, while mentioning a due process violation and the prohibition against cruel and unusual punishment. These references are made in a few sentences at the end of his brief, presumably as further evidence of prejudice from the delay. These claims are barely briefed and unsupported by factual citation. The Court finds that Mr. Pelayo has failed to demonstrate any other constitutional violation.

///

///

///

///

ORDER DENYING MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION – 5

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant Pelayo's Motion to Dismiss for Violation of Right to Speedy Trial, Dkt. #559, is DENIED.

DATED this 5th day of November, 2020.

*[signature]*

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE