# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff

v.

ANTHONY PELAYO,

Defendant.

CASE NO. CR18-217RSM

ORDER DENYING AMENDED MOTION TO SUPPRESS FRUITS OF ILLEGAL SEIZURE

This matter comes before the Court on Defendant Pelayo's Amended Motion to Suppress Fruits of Illegal Seizure. Dkt #428. The Court heard oral argument on June 22, 2021.

The Court will briefly outline the undisputed facts relevant to this Motion. In the weeks leading up to May 30, 2019, law enforcement surveilled Mr. Pelayo on several occasions. On May 30, police watched Mr. Pelayo leave and go to a gym a few miles away. The police followed, went into the gym, took Mr. Pelayo into custody, placed him in handcuffs, and took him outside along with his personal property. They advised him of his *Miranda* rights. While in the parking lot, one of the officers located a phone in Mr. Pelayo's pocket during a pat down search. The phone was seized and placed into evidence. They put Mr. Pelayo in a police car and transported him back to his house. The police also seized his white van and placed into evidence.

ORDER DENYING AMENDED MOTION TO SUPPRESS FRUITS OF ILLEGAL SEIZURE – 1

The police then executed a search warrant at Mr. Pelayo's home. After the search was completed they uncuffed Mr. Pelayo and released him.

Mr. Pelayo moves to suppress all evidence obtained directly or indirectly from his detention on May 30, 2019, which he argues violated the Fourth Amendment. Mr. Pelayo maintains that the search and seizures above were unreasonable as incident to the execution of the search warrant of his residence because he was seized miles away from his house, and that therefore the exception found in *Michigan v. Summers*, 452 U.S. 692, 696 (1981) and *United States v. Bailey*, 568 U.S. 186 (2013) cannot apply. In *Bailey*, the Supreme Court held that the authority to detain incident to the execution of a search warrant is limited to "the immediate vicinity of the premises to be searched." 568 U.S. at 199. Mr. Pelayo's Motion and oral argument focus heavily on the *Bailey* case and less heavily on whether there was probable cause for the seizure. Mr. Pelayo contends that the officers who detained him did not believe they were making an arrest, that he was never told he was "under arrest," that it was not an arrest because he was ultimately released after the search, and that this view is supported by the fact that the police later sought and obtained an arrest warrant for him.

The Government responds that *Summers* and *Bailey* are irrelevant because the officers who detained and searched Mr. Pelayo clearly had probable cause at the time given his involvement in the charged drug conspiracy as detailed in the search warrant for the residence. Dkt. #539 at 12. The Government lists the evidence of Pelayo's involvement in this drug conspiracy known at the time of the seizure, which the Court will not repeat. *See id.* at 2–11 (citing Dkt. #430-1 (Affidavit of Special Agent Joseph Cheng dated May 29, 2019)).

Fourth Amendment seizures generally are reasonable "if based on probable cause to believe that the individual has committed a crime." *Bailey*, 568 U.S. at 192. An official seizure

ORDER DENYING AMENDED MOTION TO SUPPRESS FRUITS OF ILLEGAL SEIZURE – 2

of the person must be supported by probable cause, "even if no formal arrest is made." *Michigan v. Summers*, 452 U.S. 692, 696 (1981). Probable cause can support the formal seizure of an individual even if that individual is not formally arrested. *Id*.

The Court has reviewed the briefing above and oral argument. The Court finds there was probable cause to seize and search Mr. Pelayo on May 30, 2019. The affidavit in support of the search of Mr. Pelayo's residence contained substantial links between Mr. Pelayo and the drug conspiracy at issue here. It is undisputed that law enforcement "took Mr. Pelayo into custody, placed him in handcuffs, and took him outside . . . they then advised him of his *Miranda* rights." Dkt. 428 at 2. This case is thus distinguishable from the cases cited by Mr. Pelayo. Officers were not required to use the words "you are under arrest" for this to be an arrest based on probable cause.

Although Mr. Pelayo argues that an evidentiary hearing is necessary to determine what the police officers who detained him believed they were doing, the subjective belief of the officers is irrelevant—the existence of probable cause for the seizure is sufficient to deny this Motion.

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant Pelayo's Amended Motion to Suppress Fruits of Illegal Seizure, Dkt #428, is DENIED.

DATED this 7th day of July, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING AMENDED MOTION TO SUPPRESS FRUITS OF ILLEGAL SEIZURE – 3