THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

BRADLEY WOOLARD, *et al.*,

Defendants.

CASE NO. CR18-0217-RSM

ORDER

This matter comes before the Court on Defendant Anthony Pelayo's motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29(c)(2) or, in the alternative, a new trial under Rule 33(a) (Dkt. No. 865) and the Government's motion for leave to file an over-length brief (Dkt. No. 866). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES Mr. Pelayo's motion and GRANTS the Government's motion for the reasons explained herein.

**I. BACKGROUND**

In July 2020, a federal grand jury returned a fourth superseding indictment charging seven co-defendants with numerous crimes relating to a conspiracy to distribute fentanyl and furanyl fentanyl. (Dkt. No. 456.) Three co-defendants, including Mr. Pelayo, proceeded to a jury trial. (*See* Dkt. No. 820.) On August 3, 2021, the jury rendered a verdict finding Mr. Pelayo guilty of, among other things, conspiracy to distribute controlled substances (count 1) and

possession of a Kel-Tec 9mm handgun on or about May 30, 2019 in furtherance of the drug conspiracy in count 1 (count 11). (Dkt. No. 857.) The Kel-Tec 9mm handgun was found in the center console of Mr. Pelayo's van, along with $1,999 in cash.

Mr. Pelayo asks the Court to set aside the jury's verdict on count 11 and enter an acquittal under Federal Rule of Criminal Procedure 29(a), (c), arguing that the Government's evidence is insufficient to sustain his conviction for possession of a firearm in furtherance of a drug trafficking crime. (Dkt. No. 865 at 2–3.) In the alternative, he asks the Court to grant him a new trial on count 11. (*Id.* at 4–5.)

## II. DISCUSSION

### A. Motion for Acquittal

When faced with a challenge to the sufficiency of the evidence under Rule 29, the Court must decide whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010).

In count 11, the Government charged Mr. Pelayo with possessing a Kel-Tec 9mm handgun on or about May 30, 2019 in furtherance of the conspiracy charged in count 1, in violation of 18 U.S.C. § 924(c). (Dkt. No. 456 at 10–11.) That statute makes it a crime to use or carry a firearm "during and in relation to any crime of violence or drug trafficking crime" or to possess a firearm "in furtherance of any such crime." 18 U.S.C. § 924(c)(1)(A). To prove the offense as charged, the Government had to prove that (1) Mr. Pelayo committed the crime of conspiracy to distribute controlled substances as charged in count 1, (2) Mr. Pelayo knowingly possessed the Kel-Tec 9mm handgun, and (3) Mr. Pelayo's possession of the Kel-Tec 9mm handgun was "in furtherance" of the conspiracy. *United States v. Hector*, 474 F.3d 1150, 1156 (9th Cir. 2007). Mr. Pelayo contests only the third element—whether the Government has established that his possession of the firearm was "in furtherance" of the conspiracy. (Dkt. No.

865 at 2.)

To prove the "in furtherance" element, the Government must show through specific facts that the firearm was possessed "to advance or promote the commission of the underlying offense." *Hector*, 474 F.3d at 1157 (quoting *United States v. Mackey*, 265 F.3d 457, 461 (6th Cir. 2001)). This requires the Government to show a "specific 'nexus' between the particular firearm and the particular drug crime at issue" and "[i]n practical terms, this means the government must present a viable theory as to how the gun furthered the drug [crime]." *Hector*, 474 F.3d at 1157 (emphasis omitted). The Court looks not to a specific checklist, but to the totality of the circumstances, to determine whether the evidence suffices to support a conviction. *Id.*

The Court finds that the evidence presented by the Government is sufficient to show the requisite nexus between the Kel-Tec 9mm handgun and the conspiracy to distribute fentanyl and furanyl fentanyl. The Government introduced in evidence numerous text message conversations between Mr. Pelayo and co-conspirators showing that Mr. Pelayo believed his drug trafficking activities were dangerous and that he carried firearms to protect himself, the drugs, and his cash proceeds. For example, in December 2016, Mr. Pelayo texted co-conspirator Andrew Tong that he had pulled out a firearm ("the heat") during a drug deal where he was selling fentanyl-laced counterfeit Percocet fills. (Dkt. No. 863-8 at 455–462 (Plaintiff's Exhibit 938 at 1–8).) In February 2017, he texted Mr. Tong that he "had to go back to the street life bro only way for me to get this real money so now I'm just running around like crazy toting the heat." (*Id.* at 470 (Plaintiff's Exhibit 938 at 17).) Similarly, in April 2018, he texted with Jerome Isham about meeting up for a drug deal and after Mr. Isham saw a person who looked "sketchy," Mr. Pelayo said he was "holding the heat." (Dkt. No. 863-9 at 287–288 (Plaintiff's Exhibit 1021 at 15–16).)

The Government also introduced evidence that although Bradley Woolard's residence was raided in July 2018, Mr. Pelayo continued to participate in drug trafficking into 2019. After the raid, Mr. Tong told Mr. Pelayo he "would be crazy to continue," but Mr. Pelayo responded: "I'll never quit." (Dkt. No. 863-8 at 535 (Plaintiff's Exhibit 938 at 82).) Mr. Pelayo, using the

name "Raymond Jones," ordered dyes and attempted to buy a pill press over Skype in August and September of 2018. (Dkt. No. 863-9 at 39–47 (Plaintiff's Exhibit 955 at 18–26).) In January 2019, when co-conspirator Jose Feliciano Lugo texted Pelayo, "I miss [Woolard] and the old days," (Dkt. No. 863-9 at 2 (Plaintiff's Exhibit 944 at 2)), Mr. Pelayo responded "Trust me I know but I do have some," (*id.*), a text from which a jury could reasonably infer that Mr. Pelayo continued to have drugs to distribute. In November 2018, Mr. Pelayo, discussing a drug deal with Mr. Lugo, again said he was "thinking about goin out to it with the heat." (Dkt. No. 863-9 at 5–6 (Plaintiff's Exhibit 945 at 1–2).)

On May 30, 2019, agents surveilled Mr. Pelayo, observed him drive his van from his residence to the gym, contacted him inside the gym, and executed search warrants for his van and residence. In the center console of the van, they found the loaded Kel-Tec 9mm handgun and $1,999 in cash. In his residence, they found twelve firearms (one loaded on top of the refrigerator and the others in safes); oxycodone pills; $119,461 in cash; a large industrial-sized mixer in the garage; and two Western Union receipts for money a co-conspirator had sent to China to pay for drugs.

This evidence, viewed in a light most favorable to the Government, is amply sufficient for a reasonable jury to conclude that Mr. Pelayo possessed the Kel-Tec handgun in his van in furtherance of the drug conspiracy. From Mr. Pelayo's texts showing his ongoing participation in the drug conspiracy in 2019; his texts from as late as November 2018 showing that he carried a firearm to protect himself, his drugs, and his cash from "sketchy" people he could potentially encounter in his drug trafficking activities; and the fact that the Kel-Tec was found loaded and stored in an easily accessible place alongside a significant quantity of cash, a reasonable jury could infer that Mr. Pelayo was "toting the heat" on May 30, 2019 to protect against the dangers involved in his drug activity. Indeed, as the Ninth Circuit has explained, "[w]hen guns are located within strategic reach of a dealer such that they can use the guns to protect their illicit trade or the proceeds thereof, then a defendant's possession would typically be characterized as

'in furtherance of' the drug crime." *United States v. Mahan*, 586 F.3d 1185, 1188 (9th Cir. 2009).

Because the evidence is sufficient to sustain the guilty verdict on count 11, the Court DENIES Mr. Pelayo's motion for acquittal.

**B. Motion for a New Trial**

In the alternative, Mr. Pelayo asks the Court to grant a motion for a new trial under Rule 33(a), which allows the Court to grant a new trial "if the interest of justice so requires." In determining whether to grant a new trial,

> [t]he district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses. . . . If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.

*United States v. Alston*, 974 F.2d 1206, 1211–12 (9th Cir. 1992) (internal citations and quotations omitted).

Mr. Pelayo argues that a serious miscarriage of justice may have occurred because (1) the Court declined to give the defendants' proposed jury instruction defining "in furtherance" and (2) the Government charged Mr. Pelayo with two counts of possessing a firearm in furtherance of the conspiracy charged in count 1, and the jury acquitted Mr. Pelayo on one of the counts (count 12, relating to the guns found in his residence). (Dkt. No. 865 at 4–5.) The Court disagrees. The jury was properly instructed on the elements of the crime, consistent with the Ninth Circuit's Model Instruction, and Mr. Pelayo and his co-defendants were permitted to argue in closing about the meaning of the "in furtherance" element. The fact that the jury acquitted Mr. Pelayo's co-defendants on their 18 U.S.C. § 924(c) counts and acquitted Pelayo on count 12 demonstrates that the jury was not confused about the meaning of "in furtherance," but rather, heeded the defendants' arguments. The Court agrees with the Government that "the fact that the jury convicted Pelayo with respect to the easily accessible, loaded Kel Tec firearm in his van,

and acquitted him with respect to the firearms in his residence, most of which were in safes, and all of which defense repeatedly referred to as 'properly stored,' shows that the jury clearly understood the need for a nexus between the firearm and the drug trafficking conspiracy." (Dkt. No. 867 at 15–16.)

Accordingly, the Court DENIES Mr. Pelayo's alternative motion for a new trial.

**C. Government's Motion for Leave to File Over-Length Brief**

The Government seeks leave to file an over-length brief. (Dkt. No. 866.) The Court finds that a response brief of 16 pages is reasonable in this circumstance and GRANTS the motion.

**III. CONCLUSION**

For the foregoing reasons, Mr. Pelayo's motion for acquittal or a new trial (Dkt. No. 865) is DENIED and the Government's motion to file an overlength brief (Dkt. No. 866) is GRANTED.

DATED this 30th day of August 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE