THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>ANTHONY PELAYO,<br><br>　　　　　　　Defendant. | CASE NO. CR18-0217-JCC-3<br><br>ORDER |

This matter comes before the Court on the Government's unopposed motion to authorize sale of seized property (Dkt. No. 1049). Having thoroughly considered the briefing and the relevant record, the Court hereby GRANTS the Government's motion.

I.      BACKGROUND

In November 2021, Defendant was sentenced following jury convictions for Conspiracy to Distribute Controlled Substances, Money Laundering, and other charges. (Dkt. No. 972 at 2.) This sentence included a $151,900 money judgment composed of a special assessment and fine. (*Id.* at 7.) Defendant's appeal of his convictions is pending. (Dkt. No. 973 at 1.) According to the Government's motion, during its investigation, pursuant to search and seizure warrants, the Government seized three vehicles belonging to Defendant, including: (1) a 2016 GMC Sierra 2500 Denali pick-up truck; (2) a 2017 Harley Davidson FLHXS Street Glide Special motorcycle; and (3) a 2017 John Deere 2032R Compact Tractor and Frontier RC2060 Rotary Cutter

Attachment. (Dkt. No. 1049 at 3–5.) These vehicles remain in the possession of the U.S. Marshals Service. (*Id.* at 6.)

The Government moves for an order authorizing the U.S. Marshals Service to sell these seized vehicles under 18 U.S.C. § 3613(c) and apply the net proceeds to Defendant's $151,900 judgment debt. (*Id.* at 1.) No opposition to the motion has been filed.

## II.   DISCUSSION

### A.  Defendant's Pending Appeal

While Defendant has appealed his judgment, neither he nor the Government have sought to stay its enforcement. (Dkt. No. 1049 at 7).  Furthermore, upon appeal, the trial court is divested of jurisdiction solely "over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). As the Defendant's appeal is unlikely to involve either Defendant's ownership of the vehicles or the Government's authority to liquidate them, this Court retains authority to grant the Government's motion.

Further, if Defendant's appeal is granted and his conviction reversed, he will still "have the right to a fair value for the property sold." *Id.* And as the Government notes, the vehicles are depreciating assets with storage and maintenance costs, thus reducing their liquidation value and harming Defendant's financial interests over time. (Dkt. No. 1049 at 8.) *See United States v. Bachner*, 741 F.Supp. 221, 223 (S.D. Fla. 1990) (finding maintenance cost of planes weighed against postponing their sale).

### B.  Authority to Enforce Judgment

A criminal fine constitutes a judgment lien in favor of the Government "upon all property belonging to the person fined" which "arises at the time of the entry of the judgment and continues until the liability is satisfied." *U.S. v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993) (citing 18 U.S.C. § 3613(c)). Generally, seized property "should be returned to the rightful owner after the criminal proceedings have terminated." *U.S. v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990). However, Defendant's right to this property is "subject to any continuing interest the government

has in the property." *Id.* (finding the Government had "an interest in insuring that the monetary penalties imposed as part of the sentence were paid).

The Government may enforce "a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). A money judgment is enforced by a writ of execution, unless the Court directs otherwise. Fed. R. Civ. P. 69(a)(1).

Because the Marshals Service has custody of the three vehicles at issue, the Government thus argues a writ of execution is unnecessary to enforce the criminal judgment debt. (Dkt. No. 1049 at 9.) Instead, it asks the Court to "exercise [its] flexibility" under Federal Rule of Civil Procedure 69(a)(1) to enforce a monetary judgment through other means.

The Government argues in similar circumstances, the Ninth Circuit has held that the Government may sell lien-encumbered property and apply the net proceeds to the money judgment. (*Id.* at 2 (citing *United States v. Kazcynski*, 416 F.3d 971, 977 (9th Cir. 2005).) In *Kazcynski*, the court remanded for the Government to present a commercially reasonable plan to dispose of Defendant's property and apply the proceds to the restitution order. 416 F.3d at 977. In so doing, the Ninth Circuit recognized the Government's right to sell a Defendant's property to satisfy a criminal judgment debt in certain circumstances. *Id.* Here, Defendant still owes the entire $151,900 judgment. (Dkt. No. 1051 at 2.) The outstanding monetary penalty maintains the Government's interest in this property pursuant to 18 U.S.C. § 3613(c).[1] The Court agrees that a writ of execution is unnecessary where the Government is already in possession of the property and the criminal judgment debt remains outstanding.

Accordingly, the Government is authorized to liquidate the vehicles in a commercially reasonable manner and apply the net proceeds to Defendant's judgment debt. *See United States*

---

[1] The Court notes Defendant's interests are also served by this sale, as "applying the cash to the sentence imposed. . . allocate[s] the property for [Defendant's] benefit rather than depriving him of the property altogether." *Duncan*, 918 F.2d at 654.

*v. Munsey Trust Co.*, 332 U.S. 234, 239 (1947) ("The [G]overnment has the same right which belongs to every creditor, to apply the unappropriated moneys of his debtor. . . in extinguishment of the debts due to him.") (internal citation and quotation marks omitted). The Government has outlined such reasonable method of disposition in their motion, which remains unopposed. (*See* Dkt. No. 1049 at 11).

### III.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. The Government's motion to authorize sale of seized property (Dkt. No. 1049) is GRANTED.
2. The Marshals Service is AUTHORIZED to liquidate the vehicles under its normal procedures via its storage and auction contractor, Apple Towing Co.
3. The Marshals Service is DIRECTED to ensure that its contractor publishes notice of the sale of the three vehicles on the contractor's website before and during the auction.
4. After payment of commissions, costs, and other expenses incurred storing, maintaining, and selling the three vehicles, the Marshals Service is ORDERED to deliver all net proceeds to the Clerk of this Court, to be applied to Defendant's judgment debt.
5. Within 60 days after the entry of this order, the Marshals Service is ORDERED to file a return and report of sale, specifying terms of the sales, costs, expenses, and net proceeds.
6. To the extent the net proceeds exceed the balance of Defendant's judgment debt, the excess proceeds shall be returned to Defendant.

DATED this 13th day of July 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE