THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR18-0217-JCC-3 |
| Plaintiff, | ORDER |
| v. | |
| ANTHONY PELAYO, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion for compassionate release
(Dkt. No. 1130). Having thoroughly considered the briefing and the relevant record, the Court
DENIES Defendant's motion for the reasons explained herein.

I.    BACKGROUND

In November 2021, a jury convicted Defendant of various crimes including multiple drug
offenses, money laundering, and possession of a firearm in furtherance of a drug trafficking
offense. (*See* Dkt. No. 857.) The Court then sentenced Defendant to 180 months in the custody
of the Bureau of Prisons ("BOP") and five years of mandatory supervised release. (*See* Dkt. Nos.
972, 979.)

While incarcerated, Defendant contracted COVID-19 and, in general, has experienced

1  difficult conditions resulting from the COVID-19 pandemic, including multiple lockdowns and

2  transfers along with limited contact with his family and attorney. (Dkt. No. 1130 at 11–15.)

3  Despite these difficulties, Defendant has demonstrated significant rehabilitation efforts, as

4  evidenced by his incarceration record and letters from family members, his fellow inmates, and

5  BOP staff. (*See* Dkt Nos. 1130 at 24–26, 1130-1 at 2–22.)

6      Defendant now moves *pro se* for a sentence reduction on compassionate release grounds.

7  (*See generally* Dkt. No. 1130.) He contends that the following circumstances are so

8  extraordinary and compelling as to warrant compassionate release: (1) COVID-19 BOP

9  conditions; (2) the length of his sentence compared to other defendants; and (3) his rehabilitation

10 efforts. (Dkt. No. 1130 at 2.) The Government opposes. (*See generally* Dkt. No. 1133.)

11 **II.    DISCUSSION**

12     **A.    Legal Standard**

13     The Court may reduce a term of imprisonment if (1) the defendant has exhausted his

14 administrative remedies with BOP; (2) extraordinary and compelling reasons warrant a

15 reduction; and (3) the reduction is consistent with the applicable policy statements issued by the

16 Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A); United States Sentencing Guidelines

17 ("USSG") § 1B1.13.[1] The Court must also consider the factors articulated in 18 U.S.C.

18 § 3553(a). *See* USSG § 1B1.13(a). Defendant bears the burden of making this showing. *See*

19 *United States v. DeVore*, 2024 WL 3226683, slip op. at 1 (W.D. Wash. 2024). If a defendant

20 fails to establish any of the three predicates, a court must deny a motion for compassionate

21 release. *United States v. Cain*, 2024 WL 3950641, slip op. at 3 (W.D. Wash 2024).

22

23

24 [1] In *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021), the Ninth Circuit held that the
Sentencing Commission's policy statement on a reduction in sentence was not "applicable" to a
25 motion for compassionate release brought by a defendant directly to the Court. But that finding
was superseded by amendments to USSG § 1B1.13. *See, e.g.*, *United States v. Brown*, 2023 WL
26 8650290, slip op. at 3 (W.D. Wash. 2023).

ORDER
CR18-0217-JCC-3
PAGE - 2

1        A defendant may demonstrate extraordinary and compelling circumstances through any

2    of the six reasons enumerated in the policy statement "or a combination thereof." USSG

3    § 1B1.13(b).[2] Defendant seeks to establish extraordinary and compelling circumstances through

4    USSG § 1B1.13(b)(5)—that is, the "other reasons" provision. (Dkt. No. 1130 at 11.)

5        As a threshold matter, Defendant presents undisputed evidence of exhaustion. (*See* Dkt.

6    No. 1130 at 7) (referencing the exhaustion requirement and citing Defendant's request to the

7    BOP facility's warden); (*see also* Dkt. No. 1130-1 at 31) (Defendant's request for compassionate

8    release to the warden). Nevertheless, he does not contend that his circumstances fall within any

9    of the enumerated categories in USSG § 1B1.13(b)(1)–(4), (*see generally* Dkt. No. 1130), and

10   his conditions are not "similar in gravity" to the enumerated reasons. Thus, he fails to establish

11   the extraordinary and compelling circumstances required for a sentence reduction.

12       **B.    COVID-19 Conditions**

13       First, Defendant's stated custodial conditions during the COVID-19 pandemic do not

14   justify compassionate release. "[G]eneral conditions that affect inmates indiscriminately

15   throughout the prison are insufficient to support an individual defendant's claim for

16   compassionate release." *State v. Bolden*, 2020 WL 4286820, slip op. at 7 (W.D. Wash. 2020).

17   And BOP conditions in response to COVID-19 "are unlikely to constitute extraordinary and

18   compelling reasons for compassionate relief when not taken in combination with other individual

19   circumstances, because such conditions apply to most, if not all, federal inmates in BOP

20   custody." *United States v. Martinez*, 2022 WL 126306, slip op. at 4 (S.D. Cal. 2022). Moreover,

21   courts have commonly denied compassionate release for defendants who have contracted

22   COVID-19 and recovered without complications. *See United States v. Peuse*, 2020 WL 5076356,

---

[2] The six reasons that may establish extraordinary and compelling circumstances under the policy statement are: (1) certain medical conditions or circumstances of the defendant; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant has been a victim of abuse while in custody; (5) certain other reasons "similar in gravity" to the previous four reasons; and (6) whether the defendant "received an unusually long sentence." USSG § 1B1.13(b)(1)–(6).

ORDER
CR18-0217-JCC-3
PAGE - 3

slip op. at 3 (N.D. Cal. 2020) (surveying Ninth Circuit district courts that have denied compassionate release to inmates who recovered from COVID-19 without complications).

Nevertheless, Defendant contends that contracting COVID-19 and experiencing frequent lockdowns and isolation from his family and attorney constitute extraordinary and compelling circumstances. (Dkt. No 1130 at 11–17.) Although the Court empathizes with Defendant's situation, there is nothing specific to Defendant that places him at a higher risk for COVID-19 complications. Defendant has contracted COVID-19 twice during his incarceration but appears to have recovered without any lasting health issues. (*See* Dkt. No. 1130 at 15.) Defendant also does not state that he has heath conditions that place him at a higher risk of COVID-19 complications. (*See generally* Dkt. No. 1130 at 15–17.) Moreover, while lockdowns and isolation are difficult conditions, they apply to all BOP inmates and are not individualized to Defendant. *See Bolden*, 2020 WL 4286820, slip op. at 7. Therefore, Defendant's COVID-19 related arguments are insufficient for compassionate release.

### C.    Length of Defendant's Sentence

Second, the length of Defendant's sentence is not an extraordinary and compelling circumstance. The applicable policy statement recognizes that a court may consider a change in sentencing law to determine whether extraordinary and compelling circumstances exist if a defendant received an "unusually long sentence" and has served at least 10 years of his sentence. USSG § 1B.13(b)(6). Courts have also recognized an extraordinary and compelling circumstance under the "other reasons" provision where, in combination with other factors, a defendant entered into a plea for a crime more serious than was originally charged and the Government did not recommend the reduced sentence as promised in the plea agreement. *United States v. Cain*, 2024 WL 3950641, slip op. at 2–5 (W.D. Wash 2024).

Here, Defendant cites no change in sentencing law pertaining to his convictions to warrant compassionate release under USSG § 1B.13(b)(6). (*See generally* Dkt. No. 1130.) Moreover, Defendant received the mandatory minimum sentence for his conviction, (*see* Dkt.

ORDER
CR18-0217-JCC-3
PAGE - 4

1  No. 1130 at 3), so his sentence is not unusually long, and he has served less than half of his

2  sentence. (*See* Dkt. No 1133 at 4.)

3   Defendant argues that a sentencing disparity between himself and other similarly situated

4  defendants is "similar in gravity" to the enumerated reasons, thereby constituting an

5  extraordinary and compelling circumstance. (*See* Dkt. No. 1130 at 17.) However, Defendant

6  cites no cases to support his argument that a sentencing disparity may warrant compassionate

7  release under USSG § 1B.13(b)(5). (*See* Dkt. No. 1130 at 17.) The Court also previously

8  addressed the issue of sentencing disparities when it initially sentenced Defendant. (*See* Dkt. No.

9  1023 at 19) (noting the importance of avoiding sentencing disparity and concluding that the

10  imposed sentence is sufficient "but not more than necessary to convey the needed messages of

11  general and specific deterrents").[3] Defendant's sentence was also below the Government's

12  recommended sentence of 300 months' imprisonment. (*See* Dkt. No. 962 at 1.) Therefore,

13  Defendant's objections regarding the length of his sentence are insufficient to warrant

14  compassionate release.

15    **D.**  **Rehabilitation Efforts**

16   Lastly, Defendant's rehabilitation efforts, while commendable and impressive, do not

17  constitute extraordinary and compelling circumstances. "Rehabilitation of the defendant alone

18  shall not be considered an extraordinary and compelling reason" for compassionate release. 28

19

20  [3] Relatedly, the co-defendants' sentences to which Defendant refers to show a sentencing
    disparity, (*see* Dkt. No. 1130 at 18–21), are unpersuasive when taken in context. Both held

21  lower-level roles in the conspiracy compared to that of Defendant and, as such, the Government
    recommended lower sentences for them. (*See, e.g.*, Dkt. Nos. 977 at 1,4; 1037 at 1–2) (Jose Lugo

22  pled guilty to conspiracy to distribute controlled substances and being a felon in possession of a
    firearm and was sentenced to 52 months imprisonment. The Government described Mr. Lugo as

23  a "runner" for Defendant and recommended 78 months imprisonment); (Dkt. Nos. 901 at 1–2;
    885 at 3) (Shawna Burns pled guilty to conspiracy to distribute controlled substances and

24  conspiracy to commit money laundering and was sentenced to 14.5 months imprisonment. The
    Government recommended 14.5 months imprisonment because of Ms. Burns' lack of criminal

25  history and the fact that she was influenced to participate in the conspiracy because of her

26  relationship with Mr. Woolard).

U.S.C. § 994(t); *see also United States v. Chen*, 48 F.4th 1092, 1098, (9th Cir. 2022). Again, the Court recognizes and commends Defendant's considerable rehabilitation efforts. (*See* Dkt. No. 1130-1 at 1–29.) However, since neither Defendant's COVID-19 conditions nor his sentence length constitute extraordinary and compelling circumstances, his rehabilitation efforts alone cannot be a basis for compassionate release.

## III.    CONCLUSION

Defendant has not established extraordinary and compelling circumstances for compassionate release. Accordingly, the Court DENIES Defendant's motion (Dkt. No. 1130).

It is so ORDERED this 28th day of April 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE